CHRISTOPHER S. RUHLAND (No. 175054)
christopher.ruhland@dechert.com
ANNA DO (No. 281327)
anna.do@dechert.com
DECHERT LLP
633 West 5th Street, 37th Floor
Los Angeles, CA 90071-2013
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

UTSAV GUPTA (No. 305164)
utsav.gupta@dechert.com
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Telephone: (650) 813-4800
Facsimile: (650) 813-4848

MARTIN J. BLACK (*pro hac vice*)
martin.black@dechert.com
MICHAEL A. FISHER (*pro hac vice*)
michael.fisher@dechert.com
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000
Facsimile: (215) 994-2222

Attorneys for Defendant and Counterclaim-Plaintiff
Aribex, Inc.

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Dexcowin Global, Inc.,
Plaintiff,

v.

Aribex, Inc.,
Defendant.

Aribex, Inc.
Counterclaim-Plaintiff,

v.

Dexcowin Global, Inc., et al.,
Counterclaim-Defendants.

Case No. 2:16-cv-00143-GW-AGR

Hon. George H. Wu

**ARIBEX'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 7 TO EXCLUDE OPINIONS AND TESTIMONY OF DEXCOWIN DAMAGES EXPERT PHILIP BLUM UNDER *DAUBERT***

Trial Date: July 11, 2017
PTC/MIL Hearing: June 29, 2017
Hearing Time: 8:30 a.m.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 29, 2017, at 8:30 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable George Wu, Courtroom 9D of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California, 90012, Defendant and Counterclaim Plaintiff Aribex, Inc. ("Aribex") will and hereby does move to exclude opinions and testimony of Dexcowin Damages Expert Philip Blum under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

This motion is based upon this Notice, the Memorandum of Points and Authorities, all pleadings, papers and records on file in this action, and such further written and oral argument as the Court may consider.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 1, 2017.

Dated: June 13, 2017  DECHERT LLP

By: */s/ Utsav Gupta*
Utsav Gupta
Christopher S. Ruhland
Anna Do
Martin J. Black (*pro hac vice*)
Michael A. Fisher (*pro hac vice*)

*Counsel for Defendant and Counterclaim Plaintiff Aribex, Inc.*

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 1

III. ARGUMENT ........ 3

A. The Court should preclude Mr. Blum from testifying on a reasonable royalty ........ 3

B. The Court should preclude Mr. Blum from testifying as to *panduit* factor one ........ 7

IV. CONCLUSION ........ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Axcess Int'l, Inc. v. Savi Techs., Inc.*,
No. 3:10-cv-1033-F, 2013 WL 6839112 (N.D. Tex. Jan. 25, 2013)..................... 7

*Daubert v. Merrell Dow Pharma., Inc.*,
509 U.S. 579 (1993) ....................................................................... *passim*

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*,
567 F.3d 1314 (Fed. Cir. 2009)................................................................ 7, 8

*Georgia-Pacific Corp. v. United States Plywood Corp.*,
318 F. Supp. 1116 (S.D.N.Y. 1970)........................................................... 2

*Kuhmo Tire Co., Ltd., v. Carmichael*,
526 U.S. 137 (1990) ................................................................................ 8

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
694 F.3d 51 (Fed. Cir. 2012).................................................................... 6

*Mars, Inc. v. TruRX LLC*,
No. 6:13-cv-526-RWS-KNM, 2016 WL 4034790 (E.D. Tex. Apr. 18, 2016)........................................................................................ 8

*NetAirus Techs., LLC v. Apple, Inc.*,
No. LA CV10-03257 .................................................................................. 7

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*,
575 F.2d 1152 (6th Cir. 1978)........................................................ 1, 2, 7, 8

**Other Authorities**

Federal Rule of Evidence 702 ....................................................... 6, 7, 8

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

- ii -

MEM. ARIBEX'S MOTION IN LIMINE NO. 7
CASE NO. 2:16-CV-00143-GW-AGR

## I. INTRODUCTION

Aribex understands that experts are given wide latitude to develop different opinions, to disagree with one another, and to be wrong. Dexcowin's inexperienced patent damages expert, Philip Blum, prepared a report that is about as wrong as it gets in patent cases. However, Aribex is not raising every defect in that report in this motion. Instead, this motion presents two issues that are so far over the line that the Court should act under *Daubert* and preclude Mr. Blum from giving two opinions that are not permitted by law.

First, Mr. Blum's entire reasonable royalty opinion hinges on his argument that a [redacted] The Court recently rejected Mr. Blum's interpretation of this document, and the law prohibits a jury from basing a reasonable royalty on this proposal. The Court should prevent Mr. Blum from offering a reasonable royalty opinion that misstates the facts (as the Court as determined) and that is improper under the law.

Second, Mr. Blum's opinion as to the first *Panduit* lost profits factor also is not permitted by law. Mr. Blum opined that the first factor was not satisfied because he focused on whether there was demand for certain "features" of the patented products. But the Court recently ruled on this very issue, correctly ruling that *Panduit* requires an examination of demand for the patented *product*. Mr. Blum refused to follow the law, and the Court should preclude him from offering his legally incorrect opinion as to the first *Panduit* factor.

## II. FACTUAL BACKGROUND

Aribex's damages expert, Dr. Charles Mahla, served an expert report opining that Dexcowin's infringement of the Patents-in-Suit cost Aribex lost profits of [redacted] from lost sales of Aribex's NOMAD

handheld x-ray devices and accessories.[1] Ex. 1, ¶ 75, to Declaration of Utsav Gupta ("Gupta Decl."). Dr. Mahla also opined that a reasonable royalty, whether for the units for which he did not calculate lost profits or for units for which the jury declines to award lost profits, ██████████ a figure based on Aribex's incremental profit, as adjusted by the well-established factors under *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). Gupta Decl., Ex. 1, ¶ 11(c).

On April 12, 2017, Dexcowin served the rebuttal report of Philip Blum, a C.P.A. Gupta Decl. Ex. 2. ██████████. ██████████. ██

In his report, Mr. Blum opined that no matter how many infringing devices Dexcowin sold, Aribex has suffered no lost profits. Gupta Decl. Ex. 2, ¶ 51. Mr. Blum botched all of the *Panduit* factors in coming to this conclusion, but his opinion of this first factor was based on a complete misunderstanding of the law, as explained below.

Mr. Blum also opined that a reasonable royalty under the Patents-in-Suit should be a ██████████

[1] Thus far, Dexcowin has produced sales data only through 2016, in response to an Aribex interrogatory. Aribex has requested that Dexcowin supplement the data through at least May 31, 2017, and expects that Dr. Mahla's calculation at trial will be updated accordingly.

. Failing to understand the law in this area or the significance of this document, Mr. Blum wrongly opined that this rejected proposal could be used as the basis for a reasonable royalty calculation.

## III. ARGUMENT

### A. THE COURT SHOULD PRECLUDE MR. BLUM FROM TESTIFYING ON A REASONABLE ROYALTY

Mr. Blum's reasonable royalty opinion that the reasonable royalty should be boils down to the following:

- 
- ;
-

[Page contents redacted]

[redacted]. This was the exact argument Dexcowin advanced in its recent damages summary judgment motion, seeking an order that the 2009 offer capped Aribex's reasonable royalty as a matter of law. Dkt. 86, p. 21 ("This offer by Aribex is the "most probative evidence that exists in this case for what reasonable royalty would be reached in a hypothetical negotiation"). The Court rejected the argument, noting that "the 2009 offer is an incomplete, unilateral opening proposal full of variables for a complex joint development deal involving engineering, design, and manufacturing services from Dexcowin." Dkt. 166, p. 21.

Mr. Blum made no effort to account for the differences between the complex deal contemplated in the 2009 offer and the bare license for the Patents-in-Suit that would adhere in the hypothetical negotiation, or the fact that it was a high-level, preliminary proposal that left most of the deal's terms unstated. Gupta Decl. Ex. 2, ¶¶ 332-336. [redacted].

[redacted]

Mr. Blum did not address the fact that these or any supposedly missing provisions may not have been present because he was relying on a *preliminary* offer

that would require substantial negotiation and drafting before all of its terms would be agreed. [redacted]

The admissibility of expert testimony is governed by the Federal Rules of Evidence. Federal Rule of Evidence 702 states in relevant part that expert testimony is only admissible if it "will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." An expert may testify as to "scientific, technical, or other specialized knowledge" only if, among other requirements, "the testimony is based upon sufficient facts or data." *Id.* The proposed testimony must "rest[] on a reliable foundation." *Daubert v. Merrell Dow Pharma., Inc.*, 509 U.S. 579, 597 (1993).

Mr. Blum's reliance on a single, opening contractual offer, and his failure to analyze its economic comparability to the bare license in the hypothetical negotiation fatally undermines his opinions about a reasonable royalty. The Federal Circuit has made clear that while damages experts can rely on "actual licenses" for the patents-in-suit, courts should exclude expert opinions that rely on licenses that are not technically or economically comparable to the circumstances in the hypothetical negotiation. For example, in *LaserDynamics*, the court ruled that it was error to admit evidence of a settlement license for the very patents-in-suit where the circumstances behind its execution were incomparable to the hypothetical negotiation. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 78 (Fed. Cir. 2012).

The 2009 joint development proposal is not even a license, but a preliminary proposal that Dexcowin rejected. As such, Mr. Blum's unsupported opinion that it is the most probative evidence – parroting Dexcowin's rejected summary judgment

argument – is unreliable and should be excluded. In *Axcess Int'l, Inc. v. Savi Techs., Inc.*, No. 3:10-cv-1033-F, 2013 WL 6839112, *6 (N.D. Tex. Jan. 25, 2013), the court rejected a damages expert's opinion that a royalty provision in a draft agreement, deleted from the final agreement, was relevant to a reasonable royalty. *See also NetAirus Techs., LLC v. Apple, Inc.*, No. LA CV10-03257 JAK (Ex), 2013 WL 11237200, *8 (C.D. Cal. Oct. 23, 2013) (excluding damages expert opinions based, in part, on unaccepted litigation settlement offers).

Under Federal Rule of Evidence 702, an expert may testify as to "scientific, technical, or other specialized knowledge" only if, among other requirements, "the testimony is based upon sufficient facts or data." *Id*. The proposed testimony must "rest[] on a reliable foundation." *Daubert*, 509 U.S. at 597. Mr. Blub reliance on a document that – as a matter of law – cannot be used as the basis for reasonable royalty, makes his testimony inadmissible under Rule 702. The Court should, consistent with the cases cited above, preclude Mr. Blum from testifying as to a reasonable royalty.

### B. THE COURT SHOULD PRECLUDE MR. BLUM FROM TESTIFYING AS TO *PANDUIT* FACTOR ONE

Mr. Blum's analysis of lost profits attempted to employ the common four-factor test of *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978). Under *Panduit*, a patentee must show: (1) demand for the patented products; (2) absence of acceptable, noninfringing substitutes; (3) manufacturing and marketing capacity to make Dexcowin's sales; and (4) the amount of profit Aribex would have made but for Dexcowin's infringing sales. *Id.*; *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1329 (Fed. Cir. 2009).

However, Mr. Blum's discussion of *Panduit* factor 1 was fatally flawed because it was based on an erroneous application of the factor. Gupta Decl. Ex. 2, pp. 23-46. Mr. Blum stated that he assumed that *Panduit* factor 1 required Aribex

or Dr. Mahla to establish that Aribex's NOMAD products or Dexcowin's accused products were purchased entirely or predominately because of particular *features* of the Patents-in-Suit, as opposed to or in addition to other reasons. *E.g.*, Gupta Decl. Ex. 2, ¶¶ 74, 75, 78, 81, 82, 84, 85, 102, 113, and 116. That is wrong.

As the Court recognized in its opinion denying Dexcowin's summary judgment motion on damages, *Panduit* factor 1 concerns only whether the patentee has shown demand for the patented *product*, not the patented features. Dkt. 166, p. 20, *citing DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1330 (Fed. Cir. 2009). As the Court found, Aribex has provided evidence sufficient for the jury to find that *Panduit* factor 1 has been met, because Aribex's and Dexcowin's products embody the Patents-in-Suit and there is evidence of their sales. Dkt. 166, p. 20-21.

Under Federal Rule of Evidence 702, this Court must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. The *Kumho* Court emphasized that district courts have wide discretion both in determining the relevant factors to be employed in assessing the reliability of an expert's testimony, and in determining whether that testimony is in fact reliable. *Kuhmo Tire Co., Ltd., v. Carmichael*, 526 U.S. 137, 153 (1990). The proponent of the expert testimony must prove by a preponderance of the evidence that it is reliable. *Daubert*, 509 U.S. at 592–93.

Mr. Blum's lost profits analysis does not satisfy this standard because he flatly misunderstood and misapplied *Panduit* factor 1. *Mars, Inc. v. TruRX LLC*, No. 6:13-cv-526-RWS-KNM, 2016 WL 4034790, *2 (E.D. Tex. Apr. 18, 2016) (excluding damages expert's opinion that wrongly assumed patentee needed to apportion demand for the patented product to the patented features; noting that *Panduit* factor 1 requires only demand for the patented product). Accordingly, the Court should preclude Mr. Blum from offering his *Panduit* factor 1 opinion at trial.

## IV. CONCLUSION

The Federal Circuit has emphasized the importance of the gatekeeping function of the district courts under *Daubert* to ensure that a jury's damages determination is based on case-specific evidence and sound expert testimony bounded by reliable methodologies. Because Mr. Blum's opinions represent little more than his uncritical adoption of and advocacy for questionable evidence and implausible conclusions that align with Dexcowin's litigation assertions, and because his analyses clearly misapply the well-established damages standards he purports to employ, the Court should exclude his testimony.

Dated: June 14, 2017

DECHERT LLP

By: */s/ Utsav Gupta*

Utsav Gupta
Christopher S. Ruhland
Anna Do
Martin J. Black (*pro hac vice*)
Michael A. Fisher (*pro hac vice*)

*Counsel for Defendant and Counterclaim-Plaintiff Aribex, Inc.*