# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-143-GW(AGRx) | Date | June 30, 2017 |
|---|---|---|---|
| Title | *Dexcowin Global, Inc. v. Aribex, Inc.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - FINAL RULING MOTION FOR RECONSIDERATION BY DEXCOWIN GLOBAL, INC. AND DEXCOWIN CO. LTD. [170]

Attached hereto is the Court's Final Ruling on the above-entitled motion.

:

Initials of Preparer   JG

***Dexcowin Global, Inc. v. Aribex, Inc.***, Case No. 2:16-CV-00143-GW-(AGRx)
Final Ruling on Motion for Reconsideration

Dexcowin seeks reconsideration of the Court's June 7, 2017 ruling (Dkt. 166) on three grounds.

1) **Rulings on direct and indirect infringement**

Regarding claims 6 and 10 of the '769 Patent, the Court clarifies that its ruling refers to direct infringement by the end-users. Aribex must prove at trial the additional element of Dexcowin's mental state for indirect infringement by Dexcowin. The Court's ruling on the claims containing the term "LCD screen" applies only to devices containing an LCD screen, not OLED devices.

2) **Ruling on "high current load" term**

In the June 7, 2017 ruling, the Court limited the "high current load" to "greater than about 2 milliamperes." Dkt. 166 at 11. The Court clarifies that the limitation of "greater than about 2 milliamperes" includes values within a small range around 2mA as well as values greater than 2 mA. This is consistent with the word "typically" in the passage of the prosecution history, which demonstrates some flexibility and that the patentee did not intend a hard cutoff. The Court would deny Dexcowin's motion for reconsideration regarding the application of this term.

3) **Ruling on noninfringement of the '769 Patent relating to "detecting means structurally unattached to the housing"**

The issues raised by Dexcowin fall short of the standard for granting reconsideration. During claim construction, the Court already considered whether "structurally unattached to the housing" imposes a limitation of a wired or wireless connection and concluded that it did not. Dkt. 44 at 11. Specifically, the Court construed "structurally unattached to the housing" as "free-standing such that its position is not fixed relative to the rest of the x-ray device." *Id*. at 12. Dexcowin did not move for reconsideration of the construction and made no argument at summary judgment that the construction should be revised. In any event, the plain language of these claims controls.

Dexcowin's arguments here are unpersuasive. At the hearing, Dexcowin argued that dependent claim 50's requirement of an "integrated display means comprises a radiographic image display" denotes that the device must receive data from the detecting means. And if so, "structure unattached to the housing" must mean that the detector is connected somehow. From

this, Dexcowin concluded that the term must be applied consistent to claim 6 as well.  But Dexcowin's argument is riddled with unsupported assumptions and leaps of logic.

First, the premise that a radiographic image must be directly received from the detector has not been conclusively established.  Although the Court previously observed that under certain circumstances a display may need to connect to the detector, it is also possible that the image is transferred from the detector to an intermediate storage device rather than directly to the x-ray device.  But even assuming that Dexcowin's premise is true, it would only apply to claim 50, *not* to claim 6, which is silent about electronic connections.  It does not affect the meaning of the term "structurally unattached to the housing," which, as construed, can be consistently applied to both claim 6 and claim 50.  Put simply, Dexcowin is improperly attempting to import what it believes are limitations in claim 50 to claim 6.  Thus, the Court would deny Dexcowin's motion for reconsideration regarding the application of this term.