CHRISTOPHER S. RUHLAND (No. 175054)
christopher.ruhland@dechert.com
ANNA DO (No. 281327)
anna.do@dechert.com
DECHERT LLP
633 West 5th Street, 37th Floor
Los Angeles, CA 90071-2013
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

UTSAV GUPTA (No. 305164)
utsav.gupta@dechert.com
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Telephone: (650) 813-4800
Facsimile: (650) 813-4848

MARTIN J. BLACK (*pro hac vice*)
martin.black@dechert.com
MICHAEL A. FISHER (*pro hac vice*)
michael.fisher@dechert.com
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000
Facsimile: (215) 994-2222

Attorneys for Defendant and Counterclaim-Plaintiff
Aribex, Inc.

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dexcowin Global, Inc.,<br>    Plaintiff,<br>v.<br>Aribex, Inc.,<br>    Defendant. | Case No. 2:16-cv-00143-GW-AGR<br><br>Hon. George H. Wu<br><br>JOINT FINAL JUDGMENT AND INJUNCTION |
| Aribex, Inc.<br>    Counterclaim-Plaintiff,<br>v.<br>Dexcowin Global, Inc., et al.,<br>    Counterclaim-Defendants. | |

This is an action for patent infringement, in which Counterclaim-Plaintiff Aribex, Inc. asserts infringement by Counterclaim-Defendants Dexcowin Global Inc. and Dexcowin Co. Ltd., (collectively "Dexcowin") of United States Patent Nos. 7,224,769 (the "'769 Patent") and 7,496,178 (the "'178 Patent") (together, the "Asserted Patents") against certain accused products ("Accused Products" defined below). Aribex and Dexcowin have entered into a settlement agreement dated as of August 4, 2017, (the "Settlement Agreement") and jointly agree to the entry of the following terms of dismissal.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Aribex is the owner of the Asserted Patents.

3. The Accused Products are the DX3000, ADX4000 and ADX6000, which have been sold in the following versions:

   a. DX3000: (i) 1 mA, LCD, removable, internal battery,[1] (ii) 1 mA, OLED, removable, internal battery, (iii) 2 mA, LCD, removable, internal battery, and (iv) 2 mA, OLED, removable, internal battery;

   b. ADX4000: (i) 1 mA, LCD, removable, internal battery, and (ii) 2 mA, LCD, removable, internal battery; and

   c. ADX6000: 1-5 mA variable, LCD, removable, internal battery.

4. The Accused Products are adjudged to infringe the Asserted Patents as follows:

   a. The 2 mA, LCD and OLED, removable, internal battery versions of the DX3000 directly infringe claims 1 and 4 of the '178 Patent.

---

[1] For purposes of this Order, an internal battery version is inclusive of a device having a compartment into which a battery may be inserted to provide power to the device.

b.   The 2 mA and 1-5 mA variable, removable, internal battery versions of the ADX4000 and ADX6000 directly infringe claims 1, 4 and 5 of the '178 Patent.

    c.   Use of the 2 mA, LCD and OLED, removable, internal battery versions of the DX3000 by customers directly infringes claim 21 of the '178 Patent.

    d.   Use of the 2 mA, LCD, removable, internal battery version of the ADX4000 by customers directly infringes claim 21 of the '178 Patent.

    e.   Use of the 1-5 mA variable, LCD, removable, internal battery version of the ADX6000 by dental customers directly infringes claim 21 of the '178 Patent.

    f.   Use of the 1, 2 and 1-5 mA variable, LCD, removable, internal battery versions of the DX3000, ADX4000 and ADX6000 with detecting means by customers directly infringes claims 6 and 10 of the '769 Patent.

5.   Dexcowin, and its affiliates, subsidiaries, divisions, officers, agents, servants, employees, independent contractors, and all persons controlled by Dexcowin, are permanently enjoined from using, offering for sale, making, selling, or manufacturing in the United States, importing into the United States, or inducing, contributing to the infringement of, or assisting others to use, offer for sale, make, sell, or manufacture in the United States, or import into the United States, the Accused Products until the expiration of the last to expire of the Asserted Patents and except as otherwise provided under the terms and conditions of the Parties' settlement agreement.

6.   The Court's construction of the claim term, "high current load," is hereby vacated.

7.   An OLED screen is an equivalent to, and is not more than colorably different from, an LCD screen as that term is used in the Asserted Patents.

8.   The parties waive all right to appeal from this Judgment and Order.

9. This Court shall retain jurisdiction of this action and over the parties for purposes of enforcement of the provisions of this Judgment and Order and enforcing the Settlement Agreement, the terms of which are incorporated herein.

10. All remaining claims and counterclaims are dismissed without prejudice.

11. Each party is to bear its own costs and attorneys' fees.

Dated: August 11, 2017

_____
Hon. George H. Wu
U.S. District Judge